**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy S. Green,<br><br>            Plaintiff,<br><br>vs.<br><br>United States of America,<br><br>            Defendant. | No. CV-18-03774-PHX-SPL<br><br>**ORDER** |

Before the Court is Counter Defendant Construction Group Staffing LLC's (the "Counter Defendant") Motion to Sever (the "Motion"). (Doc. 33) The Motion was fully briefed on June 25, 2019, and oral argument was requested. (Docs. 41, 42) Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. See LRCiv. 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998). The Court's ruling is as follows.

**I.   Background**

Randy S. Green ("Green") initiated this lawsuit against the United States of America (the "Government") seeking a refund of certain tax monies paid to the Government in 2014. (Doc. 1) In response, the Government filed a counter complaint (the "Counter Complaint") alleging claims against Green, the Counter Defendant, 2G Staffing Services Incorporated ("2G Inc."), and Joseph G. Guerra. (Doc. 16) The Counter Complaint alleges that Green failed to pay 2G Inc.'s federal payroll taxes for 2014, and that 2G Inc. and the Counter

Defendant are liable for the outstanding balance of unpaid taxes. (Doc. 16) The Counter Defendant filed the Motion seeking to sever the Government's counterclaims against it from this action. (Doc. 33)

**II.    Legal Standard**

Rule 20(a)(2) of the Federal Rules of Civil Procedure ("FRCP") permits the joinder of defending parties in one action if: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2).  Permissive joinder is to be liberally construed to promote the expeditious determination of disputes and to prevent multiple lawsuits. *Cuprite Mine Partners LLC v. Anderson*, 809 F.3d 548, 552 (9th Cir. 2015).  If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance. Fed. R. Civ. P. 20(a)(2); *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997).

**III.   Analysis**

The Counter Defendant moves to sever the Government's counterclaims against it from the overall litigation, stating that the Government does not have sufficient justification to include the Counter Defendant in this action under FRCP 20. (Doc. 33 at 1)  Specifically, the Counter Defendant argues that the Government's counterclaims do not arise out of the same transaction or occurrence as the other counterclaims, as the Government does not allege that the Counter Defendant is jointly liable for any recovery arising from the Government's counterclaims against Green. (Doc. 33 at 5)  To support this point, the Counter Defendant argues that the Government's allegations are rooted in Green's non-payment of payroll taxes in 2014, while the Government's allegations against the Counter Defendant are rooted in failures that took place starting in October 2015. (Doc. 33 at 5) Additionally, the Counter Defendant argues that the Government's counterclaims against it do not have a common question of law or fact with the other counterclaims. (Doc. 33 at 6)

The Counter Defendant argues that the Government's counterclaims against Green are based on entirely distinct legal concepts and factual allegations from the Government's counterclaims against the Counter Defendant. (Doc. 33 at 6)

In response, the Government argues that the Motion should be denied because there is a strong factual connection between the Counter Defendant, Green, and the other defending parties to this case. (Doc. 41 at 6) Namely, the Government argues that the Counter Defendant is the latest reincarnation of Green's staffing businesses and the direct successor of 2G Inc. (Doc. 41 at 6, 8) The Government argues that the transaction or occurrence that is the basis of this lawsuit is Green and 2G Inc.'s failure to remit federal payroll taxes in 2014. (Doc. 41 at 8) The Government argues that the counterclaims against the Counter Defendant are directly related to the payroll tax liabilities of Green and 2G Inc. (Doc. 41 at 8) The Government argues that there are common questions of law and fact in its counterclaims against the Counter Defendant and the other counter-defending parties because the Government's counterclaims against the Counter Defendant are seeking to collect the payroll tax assessments owed by 2G Inc. (Doc. 41 at 9)

After reviewing the Counter Complaint (Doc. 16), it is clear to the Court that the Government has satisfied the elements necessary under FRCP 20 to join the Counter Defendant as a party to this action. As stated, the transactions or occurrences giving rise to this action are Green's alleged non-payment of 2G Inc.'s payroll taxes for 2014 and 2G Inc.'s continued liability for repayment of its 2014 federal payroll taxes. The counterclaims against the Counter Defendant are directly derived from Green's alleged non-payment of federal payroll taxes in 2014, as evidenced by the Government's attempt to collect the taxes at issue from 2G Inc. (Count 3) and the Counter Defendant (Counts 4 and 5). For example, Count 3 of the Counter Complaint alleges that 2G Inc. "did not pay in full any of the balances of tax due that it reported on its above-referenced Form 941's for the tax quarters ended March 31, 2014, June 30, 2014, September 30, 2014 and December 31, 2014," and Count 4 alleges that the Counter Defendant "is liable for the Form 941 payroll tax liabilities of 2G for all four quarters of 2014 as the successor of 2G." (Doc. 16 at 26, 29–30) Count

5 alleges that the Counter Defendant "is liable to the United States to the extent of the value of the assets that it received from 2G on or after October 26, 2015." (Doc. 16 at 32)  The Court finds that these allegations are sufficient to demonstrate that the counterclaims against the Counter Defendant arise out of the same occurrences that give rise to the Government's claims against Green and 2G Inc.  Additionally, it is clear that the questions of law and fact at issue in deciding the counterclaims against the Counter Defendant are common to the counterclaims against Green and 2G Inc.  This is demonstrated by the allegations in the Counter Complaint stating (i) 2G Inc. has failed to pay payroll taxes for all four quarters of 2014, and (ii) the Counter Defendant is liable for 2G Inc.'s unpaid taxes as its successor. (Doc. 16 at 26, 29–30)  The Court also finds that addressing the counterclaims against the Counter Defendant in the same action as the claims against 2G Inc. and Green efficiently serves the purpose of judicial economy. *United States v. Seifert*, 648 F.2d 557, 563 (9th Cir. 1980).  Therefore, the Motion will be denied.

Accordingly,

**IT IS ORDERED** that Counter Defendant Construction Group Staffing LLC's Motion to Sever (Doc. 33) is **DENIED**.

Dated this 7th day of November, 2019.

Honorable Steven P. Logan
United States District Judge

4